IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CONTROLLED ENVIRONMENTAL SOLUTIONS, INC. | | PLAINTIFF |
| V. | 4:08-CV-00652-WRW | |
| UNIVERSITY SPORTS PUBLICATION CO, INC. | | DEFENDANT |

### ORDER

Pending is Plaintiff's Motion to Remand (Doc. No. 3). Defendant has responded and Plaintiff has replied.[1] Plaintiff asserts that the case should be remanded because the amount in controversy does not meet the jurisdictional minimum of $75,000.

**I.      BACKGROUND**

On July 7, 2008, Plaintiff filed a class action complaint in the Circuit Court of Pope, County, Arkansas.[2] Plaintiff contends that Defendant "solicited CES and other members of the class to purchase advertising space on various 'school calendars' . . . under the guise of providing financial support to the Class Members' local schools."[3] Plaintiff alleges that Defendant's actions were a "direct violation of Arkansas School Calendar Solicitation Disclosure Act (specifically, Ark. Code Ann. § 4-81-502(b)(1)) and a *per se* violation of the Arkansas Deceptive Trade Practices Act pursuant to Ark. Code Ann. § 4-88-503(a)."[4] Plaintiff seeks "actual damages in the form of a refund," attorney's fees, and costs.[5]

---

[1] Doc. Nos. 10, 13.

[2] Doc. No. 2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

1

Defendant argues that the amount in controversy is in excess of the jurisdictional minimum. To support this argument, Defendant points to another case filed by Plaintiff's counsel in the Eastern District of Arkansas -- Defendant the issues in the cases are identical -- where Plaintiff's "counsel's own assessment of its value establishes that at least $75,000 is at issue between the parties."[6]  Defendant relies on a June 16, 2008 letter, which, according to Defendant, proves that Plaintiff valued its other EDAR case -- which involved less actual damages -- at $500,000.[7]

**II.     DISCUSSION**

When considering a motion to remand, "the Court must resolve all doubts in favor of remand to state court."[8]  If the Complaint fails to allege a specific amount of damages, the defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met.[9]

The alleged amount of actual damages in this case is $1,700.[10]  However, Defendant argues that the amount in controversy requirement is met, because, in a similar case involving the same lawyers, but with actual damages of $495, the plaintiff offered to settle the case for $500,000.[11]  In an affidavit attached to Plaintiff's reply, Plaintiff points out the settlement offer in the other case was an offer to settle all "pending and forthcoming claims" against Defendant.

---

[6]Doc. No. 10.

[7]*Id.*

[8]*Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 926-27 (E.D. Ark. 2008) (citing *In re Business Men's Assurance Co. of Am.*, 922 F.2d 181, 183 (8th Cir. 1993)).

[9]*Id.* at 927 (citing cases).

[10]Doc. No. 4.

[11]Doc. No. 10.

Considering that $495 was in dispute in the other case, I doubt -- as Defendant suggests -- that the settlement offer was for that case alone.

I also note that in the letter responding to the settlement offer in the other case, Defendant's position was that "the maximum value of this case, including attorneys fees, [was] not more than $15,000."[12]  Defendant also described the suit as having a "nuisance value."[13]  Now, it seems Defendant has done an about-face by declaring that the amount in controversy exceeds $75,000.  Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case meets the jurisdictional minimum.

## CONCLUSION

Because Defendant failed to meet its burden, and because all doubts must be resolved in favor of remand, Plaintiff's Motion to Remand (Doc. No. 3) is GRANTED.  Accordingly, this case is REMANDED to the Circuit Court of Pope, County, Arkansas.  All other pending motions (Doc. Nos. 5 and 8) are DENIED as MOOT.

IT IS SO ORDERED this 26th day of August, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] Doc. No. 13, Ex. A.

[13] *Id.*